NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SPEARS MANUFACTURING CO., a California corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>CHARLOTTE PIPE AND FOUNDRY COMPANY, a North Carolina corporation,<br><br>Defendant and Counterclaimant. | CASE NO.: 14-cv-7758-RSWL-PLA<br><br>Hon. Ronald S.W. Lew<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

## I. PURPOSE AND LIMITATIONS

1. The parties to the above-captioned action believe that good cause exists for the entry of this Stipulated Protective Order because they are competitors in the marketplace and because disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff and Counter-Defendant Spears Manufacturing Co. ("Plaintiff" or "Spears") and Defendant and Counterclaimant Charlotte Pipe and Foundry Company ("Defendant" or "Charlotte Pipe") (collectively, the "Parties") hereby stipulate to and petition the Court to enter this Stipulated Protective Order.

2. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

3. "This Action" shall refer to the above captioned lawsuit, styled as *Spears Manufacturing Co. v. Charlotte Pipe and Foundry Company*, Case No. 14-cv-7758-RSWL-PLA (C.D. Cal.).

4. "Party" shall refer to any party to This Action, including all of its officers, directors, and employees.

5. "Outside Counsel" shall refer to any attorneys who are counsel of record in this action and their support staff.

6. "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity not named as a Party to This Action.

7. "Expert" shall refer to any person who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in This Action, (2) is not a current employee of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

8. "Professional Vendor" shall refer to any person or entity that provide litigation support services, *e.g.* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and their employees and subcontractors.

9. "Challenging Party" shall refer to a Party or Non-Party that challenges the designation of information or items under this Order.

10. "Protected Material" means any information designated, in proper accordance with this Protective Order, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

11. "Discovery Material" means all items or information, including items or information from a Non-Party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things), that are produced, disclosed, or generated in connection with discovery in this matter, including documents, deposition testimony, or discovery responses.

12. "Producing Party" shall refer to any Party to This Action, or to any Non-Party, who discloses, testifies about, produces, or makes available for inspection any Protected Material.

13. "Receiving Party" shall refer to any Party to This Action who receives Protected Material from a Producing Party, whether in response to a particular discovery request, obligation imposed by the Federal Rules of Civil Procedure, or other orders of the Court.

14. "Confidential" information or items shall mean and include any document, thing, deposition testimony, interrogatory response, response to requests for admissions and requests for production, disclosure pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery, settlement communications, negotiations, or in any other manner in This Action, which contains information that is non-public, confidential, and/or proprietary, whether personal, such as information regarding employees' personal and employment information including without limitation social security numbers and personal bank account numbers, or business related, such as information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidentiality designation, including for example non-public customer lists, past product development, past business/strategic plans, past sales projections, past marketing plans, and non-public contracts. Certain limited types of "Confidential" information may be further designated, as defined and detailed below, as "Highly Confidential – Attorneys' Eyes Only."

15. "Highly Confidential – Attorneys' Eyes Only" shall mean extremely sensitive Confidential information or items, disclosure of which to another party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This type of information and items includes, without limitation, pending patent applications, products currently in development and not yet commercially released, technical specifications, documents regarding the design or development of the accused products or systems, current business or strategic plans, future sales or financial projections, future marketing plans, detailed sales and financial data, or other highly sensitive, proprietary, competitive, or financial information.

16. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in This Action, with or without prejudice; and (2) final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of This Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### III. SCOPE

17. The protections conferred by this Protective Order cover not only Protected Material, as defined above, but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

18. The protections conferred by this Protective Order do not cover the following: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

19. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### IV. DURATION

20. This Stipulated Protective Order shall become effective, as a stipulation between the Parties, immediately upon the filing of the motion to enter the stipulated protective order, notwithstanding the pendency of approval by the Court, and the Parties shall treat any Protected Material produced before court approval as provided herein. In the event the Court modifies this stipulated Protective Order, the terms of the modified Protective Order shall become effective with respect to all Protected Material regardless of when it was produced.

21. Even after Final Disposition of This Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the confidentiality obligations expire pursuant to this Protective Order.

## V. DESIGNATING PROTECTED MATERIAL

22. <u>Mistaken Designation Must Be Promptly Withdrawn</u>. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

23. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

<u>(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions, pretrial proceedings, or trial proceedings)</u>. This Protective Order requires that the Producing Party affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page that contains protected material.

<u>(b) For testimony given in deposition or in other pretrial or trial proceedings</u>. This Protective Order requires that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within 21 days after receipt of the transcript by the Designating Party (hereinafter "the 21-day period"), all protected testimony and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection by the end of the 21-day period shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up through the end of the

21-day period, that the entire transcript shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "Highly Confidential – Attorneys' Eyes Only" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated unless otherwise agreed by the Parties or allowed by order of the court.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>. This Protective Order requires that the Producing Party affix in a prominent place on the exterior of the container(s) in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

24. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or

"Highly Confidential – Attorneys' Eyes Only") to each page that contains Protected Material.

25. One party shall give the other parties notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto, are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

26. <u>Inadvertent Failures to Designate</u>. If timely corrected following the Designating Party's discovery of the inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

27. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time [within the discovery period as set by the District Judge]. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

28. All challenges to confidentiality designations shall proceed under the Local Rule 37-1 through 37-4.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

29. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with This Action only for prosecuting, defending, or attempting to settle This Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When This Action has been terminated, a Receiving Party must comply with the provisions set forth herein with respect to Final Disposition of Protected Material.

30. Protected Material must be stored and maintained in a secure manner by a Receiving Party at a location that ensures that access is limited to the persons authorized under this Protective Order.

31. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel in This Action, as well as employees of the Receiving Party's Outside Counsel in This Action to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for This Action, and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto;

(f) witnesses in This Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information.

32. <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Receiving Party's Outside Counsel in This Action, as well as employees of the Receiving Party's Outside Counsel in This Action to whom it is reasonably necessary to disclose the information for This Action;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto, and (3) as to whom the procedures set forth in relevant part of Section VIII, below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury, trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto; and

(e) the author or recipient of a document containing the information.

Case 2:14-cv-07758-RSWL-PLA Document 31 Filed 03/19/15 Page 11 of 17 Page ID #:135
Case 2:14-cv-07758-RSWL-PLA Document 30-1 Filed 03/18/15 Page 12 of 18 Page ID #:116

## VIII. PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS.

33. In addition to the foregoing, at least five business days prior to making the first disclosure of Protected Material to any Expert, the Party making such disclosure shall provide the Producing Party with a copy of the Acknowledgment form signed by the individual and provide written notice:

(a) Disclosing the identity of the Expert;

(b) Identifying the present employer of the Expert; and

(c) Providing a resume or curriculum vitae, including the cases in which he or she has testified as an expert at trial or by deposition in the preceding four years.

34. The disclosure of information regarding Experts under this Order shall not constitute a waiver of attorney-work product or privilege, and shall not replace or modify the procedures provided under Fed. R. Civ. Proc. 26(a)(2) or this Court's Scheduling Order.

35. Any Party may object to a disclosure to an expert within five business days after receipt of the copy of the signed Acknowledgment form and written notice set forth herein, by stating specifically in writing the reasons why the Party believes such person should not receive the Protected Material.

36. In the event of an objection, no disclosure of Protected Material shall be made to the expert for a period of ten business days following the receipt of the objection. The Party objecting to the disclosure to the expert and the Party wishing to disclose such Protected Material to the expert shall make good faith efforts to resolve the dispute within five business days following the receipt of the objection. If no such resolution is obtainable, the objecting Party may move the Court, by motion, pursuant to Local Rule 37-1 of the U.S. District Court for the Central District of California, for an order that disclosure not be made to such expert or that the disclosure be made only upon certain conditions. The moving Party shall have the burden of establishing

10
[PROPOSED] STIPULATED PROTECTIVE ORDER

993048

that good cause exists for such an order, and shall seek to have the matter heard at the earliest possible date. If the moving party's portion of a joint stipulation is not received within five business days following the parties' meet and confer, the Protected Material may be disclosed to such expert for the purposes of and upon the conditions herein stated. If such a motion is made, there shall be no disclosure to such expert until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

37. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in This Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

38. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in This Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material –

993048

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in This Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

39. The terms of this Protective Order are applicable to information produced by a Non-Party in This Action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such information produced by Non-Parties in connection with This Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

40. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in This Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

41. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.

42.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

43.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

44.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

45.  The production of privileged or work-product protected documents, electronically-stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

## XIII. MISCELLANEOUS

46.  <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the further.

47.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

48. <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

49. <u>Computation of time</u>. The computation of any period of time prescribed or allowed by the Protective Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

50. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. *Good cause for the under seal filing must be shown.*

51. <u>Binding effect</u>. This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, parent corporations, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

## XIV. <u>FINAL DISPOSITION</u>

52. Within 60 days after the Final Disposition of This Action, as defined in Paragraph 16, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material."

53. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

   (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and

   (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

54. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV Duration.

55. The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

  The parties to the above captioned litigation having entered into the [Proposed] Stipulated Protective Order, having filed the Stipulated Protective Order with the Court on March 18, 2015, and good cause being shown therefor,

  IT IS HEREBY ORDERED that the Stipulated Protective Order is approved in its entirety and made the order of this Court.

Date: 3/19/15

Hon. Paul L. Abrams
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Spears Manufacturing Co. v. Charlotte Pipe and Foundry Company*, Case No. 14-cv-7758-RSWL-PLA (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of This Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____